No. **CR 06 00424 JW RS**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

**Filed**
JUN 15 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**SEALED BY ORDER OF COURT**

## THE UNITED STATES OF AMERICA
### vs.
### LAN LEE, a/k/a Lan Li and YUEFEI GE

## INDICTMENT

**COUNT ONE:** Title 18, United States Code, Section 1832(a)(5)– Conspiracy
**COUNTS TWO and FIVE:** Title 18, United States Code, Section 1832(a)(1)-- Theft of Trade Secrets; Title 18, United States Code, Section 2- Aiding and Abetting
**COUNTS THREE and SIX:** Title 18, United States Code, Sections 1832(a)(3)– Theft of Trade Secrets; Title 18, United States Code, Section 2- Aiding and Abetting
**COUNT FOUR:** Title 18, United States Code, Section 1832(a)(2)– Theft of Trade Secrets; Title 18, United States Code, Section 2- Aiding and Abetting

*A true bill.*

_____
**Foreperson**

*Filed in open court this* 15 *day of* June

*A.D. 2006*

_____
**Magistrate Judge**

**Bail. $** Arrest warrant – no bail

DOCUMENT NO. 1   CSA's INITIALS: c
DISTRICT COURT CRIMINAL CASE PROCESSING

KEVIN V. RYAN (CSBN 118321)
United States Attorney

**Filed**
JUN 1 5 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

SEALED BY ORDER OF COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CR 06 00424 RS JW

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 1832(a)(5) – Conspiracy; 18 U.S.C. §§ 1832(a)(1), (a)(2), & (a)(3) – Theft of Trade Secrets; 18 U.S.C. § 2 – Aiding and Abetting |
| v. | |
| LAN LEE, a/k/a Lan Li, and YUEFEI GE, | SAN JOSE VENUE |
| Defendants. | |

INDICTMENT

The Grand Jury charges:

Background:

1. At all times relevant to this Indictment;

     a. NetLogic Microsystems ("NLM") was a computer chip design and development company located in Mountain View, California. Among other products, NLM was designing and developing a network co-processor chip, designated the CAM-3, a.k.a. NSE-5512, a.k.a. NSE-5512-GLC. (The NSE-5512-GLC chip was a version developed exclusively for sale to a particular customer.) The CAM-3 chips were included in NLM products that were sold and shipped, and intended to be sold and shipped, in interstate and foreign commerce. NLM data sheets were confidential top-level technical descriptions of their products. Defendant LAN LEE was employed

INDICTMENT

by NLM from September 2001 until July 2003. Defendant YUEFEI GE was employed by NLM from February 2002 until July 2003.

      b. Taiwan Semi-Conductor Manufacturing Company ("TSMC") was a computer chip manufacturing company with facilities located in Taiwan; San Jose, California; Singapore; and Washington State. TSMC utilized computer programs, including software designated as TSMC Spice Model 0.13µm Logic Salicide, which included TSMC's proprietary and confidential parameters, to facilitate its manufacture of computer chips. TSMC Spice Model 0.13µm Logic Salicide was used by NLM to develop products that were sold and shipped, and intended to be sold and shipped, in interstate and foreign commerce.

      c. SICO Microsystems Inc. ("SICO") was a Delaware corporation, created by defendant LAN LEE for the purpose of obtaining venture capital to develop and sell products based upon trade secrets stolen from NLM and TSMC.

      d. Beijing FBNI Electronic Technology Development Company, Ltd. ("FBNI"), was a venture capital company operated by an individual named Baisen Liu, in Beijing, China ("PRC"), that could provide venture capital to SICO. SICO agreed with FBNI to develop and sell microprocessor chips and to assist in securing funding for SICO.

COUNT ONE: (18 U.S.C. § 1832(a)(5))

2. The factual allegations contained in paragraph 1 above are incorporated herein as if set forth in full.

3. On or about a date unknown but at least by May 3, 2002, and continuing to on or about July 29, 2003, in the Northern District of California and elsewhere, the defendants

> LAN LEE,
> a/k/a Lan Li, and
> YUEFEI GE,

did knowingly conspire and agree with each other and other persons known and unknown to the Grand Jury to commit Theft of Trade Secrets, in violation of 18 U.S.C. §§ 1832(a)(1), (a)(2), & (a)(3).

4. It was part of the conspiracy that the defendants and other persons would and did establish and promote SICO to produce and sell microprocessors.

INDICTMENT

5. It was further part of the conspiracy that the defendants and other persons would and did attempt to recruit others to SICO.

6. It was further part of the conspiracy that the defendants intended and planned to obtain venture capital to finance SICO.

7. It was further part of the conspiracy that the defendants used stolen trade secrets from NLM and TSMC to advance the business interests of SICO.

8. In furtherance of the agreement and to effect its objects, the defendants committed, among others, the following overt acts in the Northern District of California and elsewhere:

    a. On or about May 6, 2002, defendant LAN LEE caused to be filed a "CERTIFICATE OF INCORPORATION OF Sico Microsystems Inc." with the Delaware Secretary of State, Division of Corporations.

    b. On or about a date unknown but between May 3, 2002 and July 29, 2003, defendant LAN LEE downloaded TSMC's Spice Model 0.13μm Logic Salicide from NLM's Hard Blade-00 internal server and installed it on his home computer.

    c. On or about a date unknown but between May 3, 2002 and July 29, 2003, defendant YUEFEI GE installed NLM - CAM 3 data sheets on his home computer.

    d. On or about July 29, 2003, defendant LAN LEE possessed on his home computer a cooperation agreement, dated April 4, 2003, between SICO and FBNI. The agreement set out the terms of business between the parties, including FBNI's agreement to provide venture capital to SICO.

    e. On or about July 29, 2003, defendant LAN LEE possessed a document titled "SICO Executive Summary" on his home computer.

    f. On or about July 29, 2003, defendant LAN LEE possessed on his laptop computer, and defendant YUEFEI GE possessed on his home computer, copies of a letter to a "Professor Jiang," in PRC, dated June 29, 2002, discussing potential SICO products.

    g. On or about July 29, 2003, defendant LAN LEE possessed a document on his laptop computer which was a SICO business plan, dated April 15, 2002.

    h. On or about July 29, 2003, defendant LAN LEE possessed materials containing

INDICTMENT

the trade secrets described in Counts 5 and 6 of this Indictment belonging to TSMC.

   i. On or about July 29, 2003, defendant YUEFEI GE possessed materials containing the trade secrets described in Counts 2, 3, and 4 of this Indictment belonging to NLM.

All in violation of Title 18, United States Code, Section 1832(a)(5).

COUNT TWO: (18 U.S.C. §§ 1832(a)(1) & 2)

  9. The factual allegations contained in paragraphs 1-8 above are incorporated herein as if set forth in full.

  10. On or about a date unknown but between May 3, 2002 and July 29, 2003, in the Northern District of California, the defendants

     YUEFEI GE, and
     LAN LEE,
     a/k/a Lan Li,

with intent to convert trade secrets belonging to NLM to the economic benefit of someone other than the owners thereof, which trade secrets are related to and included in products that are produced for and placed in interstate and foreign commerce, did knowingly steal and without authorization appropriate, take, carry away, and conceal, and by fraud, artifice, and deception obtain such information, including the trade secrets identified as follows: NLM - CAM 3 data sheets, intending and knowing that the offense would injure NLM.

All in violation of Title 18, United States Code, Sections 1832(a)(1) and 2.

COUNT THREE: (18 U.S.C. §§ 1832(a)(3) & 2)

  11. The factual allegations contained in paragraphs 1-8 above are incorporated herein as if set forth in full.

  12. On or about July 29, 2003, in the Northern District of California, the defendants

     YUEFEI GE, and
     LAN LEE,
     a/k/a Lan Li,

with intent to convert trade secrets belonging to NLM to the economic benefit of someone other than the owners thereof, which trade secrets are related to and included in products that are produced for and placed in interstate and foreign commerce, did knowingly possess such

INDICTMENT

information, including the trade secrets identified as follows: NLM - CAM 3 data sheets, knowing the same to have been stolen and appropriated, obtained, and converted without authorization, and intending and knowing that the offense would injure NLM.

All in violation of Title 18, United States Code, Sections 1832(a)(3) and 2.

COUNT FOUR: (18 U.S.C. §§ 1832(a)(2) & 2)

13. The factual allegations contained in paragraphs 1-8 above are incorporated herein as if set forth in full.

14. On or about a date unknown but between May 3, 2002 and July 29, 2003, in the Northern District of California, the defendants

> YUEFEI GE, and
> LAN LEE,
> a/k/a Lan Li,

with intent to convert trade secrets belonging to NLM to the economic benefit of someone other than the owners thereof, which trade secrets are related to and included in products that are produced for and placed in interstate and foreign commerce, did knowingly without authorization copy, duplicate, and alter a trade secret belonging to NLM, and intending and knowing that the offense would injure NLM.

15. Specifically, the defendants knowingly altered a trade secret belonging to NLM and identified as follows: NLM - CAM 3 data sheets, by removing the NLM logo and confidential markings and inserting "SICO."

All in violation of Title 18, United States Code, Sections 1832(a)(2) and 2.

COUNT FIVE: (18 U.S.C. §§ 1832(a)(1) & 2)

16. The factual allegations contained in paragraphs 1-8 above are incorporated herein as if set forth in full.

17. On or about a date unknown but between May 3, 2002 and July 29, 2003, in the Northern District of California, the defendants

> LAN LEE
> a/k/a Lan Li, and
> YUEFEI GE,

with intent to convert trade secrets belonging to TSMC to the economic benefit of someone other

INDICTMENT

5

than the owners thereof, which trade secrets are related to and included in products that are produced for and placed in interstate and foreign commerce, did knowingly steal and without authorization appropriate, take, carry away, and conceal, and by fraud, artifice, and deception obtain such information, including the trade secrets identified as follows: TSMC – Spice Model 0.13μm Logic Salicide computer software program, and intending and knowing that the offense would injure TSMC.

All in violation of Title 18, United States Code, Sections 1832(a)(1) and 2.

COUNT SIX: (18 U.S.C. §§ 1832(a)(3) & 2)

18. The factual allegations contained in paragraphs 1-8 above are incorporated herein as if set forth in full.

19. On or about July 29, 2003, in the Northern District of California, the defendants

LAN LEE
a/k/a Lan Li, and
YUEFEI GE,

with intent to convert trade secrets belonging to TSMC to the economic benefit of someone other than the owners thereof, which trade secrets are related to and included in products that are produced for and placed in interstate and foreign commerce, did knowingly possess such information, including the trade secrets identified as follows: TSMC – Spice Model 0.13μm Logic Salicide computer software program, knowing the same to have been stolen and appropriated, obtained, and converted without authorization, and intending and knowing that the offense would injure TSMC.

All in violation of Title 18, United States Code, Sections 1832(a)(3) and 2.

DATED: 6-15-06                                    A TRUE BILL.

                                                  _____
                                                  FOREPERSON

KEVIN V. RYAN
United States Attorney

_____
MATTHEW A. PARRELLA
Chief, San Jose Branch

(Approved as to form: _____)
                      AUSA PARRELLA

INDICTMENT

6

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location — NORTHERN DISTRICT OF CALIFORNIA

SEALED BY ORDER OF THE COURT

### OFFENSE CHARGED

Count One- 18 U.S.C. § 1832(a)(5)--Conspiracy
Counts Two and Five- 18 U.S.C. §§ 1832(a)(1) and 2- Theft of Trade Secrets; Aiding & Abetting
Counts Three and Six- 18 U.S.C. §§ 1832(a)(3) and 2-Theft of Trade Secrets; Aiding & Abetting
Count Four- 18 U.S.C. §§ 1832 (a)(2) and 2- Theft of Trade Secrets; Aiding & Abetting

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
Maximum Penalty- Ten (10) Years Imprisonment; $250,000 Fine; Minimum Three (3) Years Supervised Release; $100 Special Assessment

### DEFENDANT - U.S.

LAN LEE, a/k/a Lan Li and YUEFEI GE

DISTRICT COURT NUMBER

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)

FBI- David Sieber, Special Agent

Filed JUN 1 5 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y   ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} SHOW DOCKET NO.

} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM — KEVIN V. RYAN
☒ U.S. Att'y   ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned) — MATTHEW A. PARRELLA

### DEFENDANT

IS NOT IN CUSTODY
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges   ☐ Fed'l   ☐ State
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed _____  Month/Day/Year

DATE OF ARREST ▶ _____  Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ _____  Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____
Before Judge: _____

Comments:

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT | Filed |
|---|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**

JUN 1 5 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

─── OFFENSE CHARGED ───

Count One- 18 U.S.C. § 1832(a)(5)--Conspiracy
Counts Two and Five- 18 U.S.C. §§ 1832(a)(1) and 2- Theft of Trade Secrets; Aiding & Abetting
Counts Three and Six- 18 U.S.C. §§ 1832(a)(3) and 2-Theft of Trade Secrets; Aiding & Abetting
Count Four- 18 U.S.C. §§ 1832 (a)(2) and 2- Theft of Trade Secrets; Aiding & Abetting

PENALTY:
Maximum Penalty- Ten (10) Years Imprisonment;
$250,000 Fine; Minimum Three (3) Years Supervised Release;
$100 Special Assessment

SEALED BY ORDER OF THE COURT

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

DEFENDANT - U.S.
▶ LAN LEE, a/k/a Lan Li and YUEFEI GE

DISTRICT COURT NUMBER
**CR 06 00424 JW**

─── PROCEEDING ───
Name of Complaintant Agency, or Person (&Title, if any)
FBI- David Sieber, Special Agent

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. Att'y  ☐ Defense
☐ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} SHOW DOCKET NO.

} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM
**KEVIN V. RYAN**
☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)
**MATTHEW A. PARRELLA**

─── DEFENDANT ───
**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution _____

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed _____ Month/Day/Year

DATE OF ARREST ▶ _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ _____ Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____
Before Judge: _____

Comments: