# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA, S.J.

## THE UNITED STATES OF AMERICA

*vs.*

LAN LEE, a/k/a Lan Li and YUEFEI GE

## SUPERSEDING INDICTMENT

**COUNT ONE:** Title 18, United States Code, Sections 1831(a)(5) and 1832(a)(5)-- Conspiracy
**COUNTS TWO and THREE:** Title 18, United States Code, Sections 1831(a)(3) and (a)(4)-- Economic Espionage; Title 18, United States Code, Section 2- Aiding and Abetting
**COUNTS FOUR and FIVE:** Title 18, United States Code, Sections 1832(a)(3) and (a)(4)-- Theft of Trade Secrets; Title 18, United States Code, Section 2- Aiding and Abetting

*A true bill.* _____
                  *Foreperson*

*Filed in open court this* 26 *day of* **September**

*A.D. 2007*

_____
*Magistrate Judge*

*Bail.* $ no process

SCOTT N. SCHOOLS (SCN 9990)
United States Attorney

FILED

2007 SEP 26 P 3: 30

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LAN LEE,<br> aka Lan Li, and<br>YUEFEI GE,<br><br>    Defendants. | No. CR - 06-00424-JW<br><br>VIOLATIONS: 18 U.S.C. §§ 1831(a)(5) and 1832(a)(5) – Conspiracy; 18 U.S.C. §§ 1831(a)(3) & (a)(4) – Economic Espionage; 18 U.S.C. §§ 1832(a)(3) & (a)(4) – Theft of Trade Secrets; 18 U.S.C. § 2 – Aiding and Abetting.<br><br>SAN JOSE VENUE |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

Background:

    1. At all times relevant to this Indictment;

        a. NetLogic Microsystems ("NLM") was a computer chip design and development company located in Mountain View, California. Among other products, NLM was designing and developing a network co-processor chip, designated the CAM-3, a.k.a. NSE-5512, a.k.a. NSE-5512-GLC. (The NSE-5512-GLC chip was a version developed exclusively for sale to a particular customer.) The CAM-3 chips were included in NLM products that were sold and shipped, and intended to be sold and shipped, in interstate and foreign commerce. NLM data sheets were

SUPERSEDING INDICTMENT

confidential top-level technical descriptions of their products.

   b. Taiwan Semi-Conductor Manufacturing Company ("TSMC") was a computer chip manufacturing company with facilities located in Taiwan; San Jose, California; Singapore; and Washington State. TSMC utilized computer programs to facilitate its manufacture of computer chips, including software designated as TSMC Spice Model 0.13µm Logic Salicide, which included TSMC's proprietary and confidential parameters. TSMC Spice Model 0.13µm Logic Salicide was used to develop products that were sold and shipped, and intended to be sold and shipped, in interstate and foreign commerce.

   c. The 863 program (aka 863 project and 863 plan) was a funding plan created and operated by the government of the People's Republic of China ("PRC"), and was also known as "the National High Technology Research and Development Program of China." The program was designed by leading PRC scientists to develop and encourage the creation of technology in PRC and focused on issues such as high technology communications and laser technology, with an emphasis on military applications. The General Armaments Department ("GAD") of the People's Liberation Army was responsible for the Army, Navy, and Air Force in PRC, and oversaw the development of weapons systems used by the PRC. The GAD had a regular role in, and was a major user of, the 863 program.

   d. SICO Microsystems Inc. ("SICO") was a Delaware corporation, created by defendant LAN LEE for the purpose of obtaining venture capital to develop and sell products based upon trade secrets stolen from NLM and TSMC.

   e. Beijing FBNI Electronic Technology Development Company, Ltd. ("FBNI"), was a venture capital company operated by an individual named Baisen Liu, in Beijing, PRC, that could provide venture capital to SICO and facilitate SICO's application for funding from the 863 program and the GAD. SICO agreed with FBNI to develop and sell microprocessor chips and to assist in securing funding for SICO from the 863 program and the GAD.

///
///
///

SUPERSEDING INDICTMENT

2

COUNT ONE: (18 U.S.C. §§ 1831(a)(5) and 1832(a)(5))

2. The factual allegations contained in paragraph 1 above are incorporated herein as if set forth in full.

3. On or about a date unknown and continuing to on or about July 29, 2003, in the Northern District of California and elsewhere, the defendants

LAN LEE,
a/k/a Lan Li, and
YUEFEI GE,

did knowingly conspire and agree with each other and other persons known and unknown to the Grand Jury to commit the following offenses:

A) Economic Espionage, in violation of 18 U.S.C. §§ 1831(a)(3), (a)(4); and

B) Theft of Trade Secrets, in violation of 18 U.S.C. §§ 1832(a)(3), (a)(4).

4. It was part of the conspiracy that the defendants and other persons would and did establish and promote SICO to produce and sell microprocessors in the PRC and elsewhere.

5. It was further part of the conspiracy that the defendants and other persons would and did attempt to recruit others to SICO.

6. It was further part of the conspiracy that the defendants intended and planned to obtain venture capital from the 863 program and the GAD, among others, to finance SICO.

7. It was further part of the conspiracy that the defendants used stolen trade secrets from NLM and TSMC to advance the business interests of SICO.

8. In furtherance of the agreement and to effect its objects, the defendants committed, among others, the following overt acts in the Northern District of California:

a. On or about May 6, 2002, defendant LAN LEE caused to be filed a "CERTIFICATE OF INCORPORATION OF Sico Microsystems Inc." with the Delaware Secretary of State, Division of Corporations;

b. On or about a date unknown but before July 29, 2003, defendant LAN LEE downloaded TSMC's Spice Model 0.13μm Logic Salicide from NLM's Hard Blade-00 internal server and installed it on his home computer;

c. On or about a date unknown but before July 29, 2003,

SUPERSEDING INDICTMENT
3

1  defendant YUEFEI GE installed NLM - CAM 3 data sheets on his home computer;

2  　　　　d. On or about July 29, 2003, defendant LAN LEE possessed on his home
3  computer a cooperation agreement, dated April 4, 2003, between SICO and FBNI. The
4  agreement set out the terms of business between the parties, including FBNI's agreement to
5  provide venture capital to SICO. The document further stated that "the Chinese '863' project
6  shall be applied under the name Beijing FBNI..."

7  　　　　e. On or about July 29, 2003, defendant LAN LEE possessed a document titled
8  "SICO Executive Summary" on his home computer, which stated that "[t]he purpose of this
9  business plan is to bid on the coprocessor (IPV6) project on the 863 PLAN."

10  　　　　f. On or about July 29, 2003, defendant LAN LEE possessed on his laptop
11  computer, and defendant YUEFEI GE possessed on his home computer, copies of a letter to a
12  "Professor Jiang," in PRC, dated June 29, 2002, discussing potential SICO products and
13  "enclosing the employment offer for the '863' program (SRAM and Flash Memory) consultant
14  from Qinghua University along with the business plan..."

15  　　　　g. On or about July 29, 2003, defendant LAN LEE possessed a document on his
16  home computer, dated March 31, 2003, comprising 18 questions and answers regarding
17  negotiations between SICO and the GAD, and assuring him that the PRC government and army
18  are "not that scary," and that " [t]hey are only help and support, and satisfy our various needs."

19  　　　　h. On or about July 29, 2003, defendant LAN LEE possessed documents on his
20  home computer which were application forms for the 863 program.

21  　　　　i. On or about July 29, 2003, defendant YUEFEI GE possessed documents on his
22  home computer which were application forms and instructional informations for the 863
23  program.

24  　　　　j. On or about July 29, 2003, defendant LAN LEE possessed a document on his
25  laptop computer which was a SICO business plan, dated April 15, 2002, which stated that "[t]he
26  purpose of this business plan is to seek funding of U.S. $3.6 million from the 863 Program or
27  other departments."

28  ///

SUPERSEDING INDICTMENT

4

k. On or about July 29, 2003, defendant LAN LEE possessed materials containing the trade secrets described in Counts 3 and 5 of this Indictment belonging to TSMC.

l. On or about July 29, 2003, defendant YUEFEI GE possessed materials containing the trade secrets described in Counts 2 and 4 of this Indictment belonging to NLM.

All in violation of Title 18, United States Code, Sections 1831(a)(5) and 1832(a)(5).

COUNT TWO: (18 U.S.C. §§ 1831(a)(3), (a)(4), and 2)

9. The factual allegations contained in paragraphs 1-8 above are incorporated herein as if set forth in full.

10. On or about July 29, 2003, in the Northern District of California, the defendants

> YUEFEI GE, and
> LAN LEE,
> a/k/a Lan Li,

intending and knowing that the offense would benefit a foreign government, foreign instrumentality, and foreign agent, namely the PRC, the 863 Program, and the GAD, among others, did knowingly possess trade secrets belonging to NLM, and attempted to do so, including the trade secrets identified as follows: NLM - CAM 3 data sheets knowing the trade secrets to have been stolen, appropriated, and obtained without authorization.

All in violation of Title 18, United States Code, Sections 1831(a)(3), (a)(4), and 2.

COUNT THREE: (18 U.S.C. §§ 1831(a)(3), (a)(4), and 2)

11. The factual allegations contained in paragraphs 1-10 above are incorporated herein as if set forth in full.

12. On or about July 29, 2003, in the Northern District of California, the defendants

> LAN LEE,
> a/k/a Lan Li, and
> YUEFEI GE

intending and knowing that the offense would benefit a foreign government, foreign instrumentality, and foreign agent; namely the PRC, the 863 Program, and the GAD, among others, did knowingly possess trade secrets belonging to TSMC, and attempted to do so, including the trade secrets identified as follows: TSMC – Spice Model 0.13µm Logic Salicide

1  computer software program, knowing the trade secrets to have been stolen, appropriated, and
2  obtained without authorization.
3     All in violation of Title 18, United States Code, Sections 1831(a)(3), (a)(4), and 2.
4  COUNT FOUR: (18 U.S.C. §§ 1832(a)(3), (a)(4), and 2)
5     13. The factual allegations contained in paragraphs 1-12 above are incorporated herein
6  as if set forth in full.
7     14. On or about July 29, 2003, in the Northern District of California, the defendants

       YUEFEI GE, and
       LAN LEE,
       a/k/a Lan Li,

10 with intent to convert trade secrets belonging to NLM to the economic benefit of someone other
11 than the owners thereof, which trade secrets are related to and included in products that are
12 produced for and placed in interstate and foreign commerce, did knowingly possess such
13 information, and attempted to do so, including the trade secrets identified as follows: NLM -
14 CAM 3 data sheets, knowing the same to have been stolen and appropriated, obtained, and
15 converted without authorization, and intending and knowing that his act would injure NLM.
16    All in violation of Title 18, United States Code, Sections 1832(a)(3), (a)(4) and 2.
17 COUNT FIVE: (18 U.S.C. §§ 1832(a)(3), (a)(4), and 2)
18    15. The factual allegations contained in paragraphs 1-14 above are incorporated herein
19 as if set forth in full.
20    16. On or about July 29, 2003, in the Northern District of California, the defendants

       LAN LEE
       a/k/a Lan Li, and
       YUEFEI GE,

23 with intent to convert trade secrets belonging to TSMC to the economic benefit of someone other
24 than the owners thereof, which trade secrets are related to and included in products that are
25 produced for and placed in interstate and foreign commerce, did knowingly possess such
26 information, and attempted to do so, including the trade secrets identified as follows: TSMC –
27 Spice Model 0.13μm Logic Salicide computer software program, knowing the same to have been
28 stolen and appropriated, obtained, and converted without authorization, and intending and

SUPERSEDING INDICTMENT
6

1 | knowing that his act would injure TSMC.

2 | All in violation of Title 18, United States Code, Sections 1832(a)(3), (a)(4) and 2.

3 | DATED: 9/24/07                    A TRUE BILL.

4

5                                                    /s/ Ramona Lull
                                                     FOREPERSON
6
   SCOTT N. SCHOOLS
7  United States Attorney

8  /s/ M.A. Parrella

9  MATTHEW A. PARRELLA
   Chief, San Jose Branch
10

11 (Approved as to form: /s/ M.A. Parrella
                         AUSA PARRELLA
12

SUPERSEDING INDICTMENT

7

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location: **NORTHERN DISTRICT OF CALIFORNIA**

## OFFENSE CHARGED

COUNT ONE- 18 U.S.C. §§ 1831(a)(5) & 1832(a)(5)- Conspsiracy;
COUNTS TWO & THREE- 18 U.S.C. §§ 1831(a)(3) & (a)(4)- Economic Espionage;
COUNTS FOUR & FIVE- 18 U.S.C. §§ 1832 (a)(3) & (a)(4)- Theft of Trade Secrets;
18 U.S.C. § 2- Aiding and Abetting

PENALTY:
Count One, Two and Three- Up to 15 years imprisonment and $500,00 fine;
Counts Four and Five- Up to 10 years imprisonment and $250,00 fine; All Counts- 3 year period of supervised release and $100 mandatory special assessment

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

07 SEP 26 PM 3: 05

DEFENDANT - U.S.

▶ LAN LEE, a/k/a Lan li, and YUEFEI GE

DISTRICT COURT NUMBER

CR 06 00424 JW

## PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM: **SCOTT N. SCHOOLS**
☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned): **MATTHEW A. PARRELLA**

## DEFENDANT

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☒ Is on Bail or Release from (show District)

Northern District of California

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges   ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____

Before Judge: _____

Comments:

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT   ☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**

**OFFENSE CHARGED**

COUNT ONE- 18 U.S.C. §§ 1831(a)(5) & 1832(a)(5)- Conspsiracy;
COUNTS TWO & THREE- 18 U.S.C. §§ 1831(a)(3) & (a)(4)- Economic Espionage;
COUNTS FOUR & FIVE- 18 U.S.C. §§ 1832 (a)(3) & (a)(4)- Theft of Trade Secrets;
18 U.S.C. § 2- Aiding and Abetting

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
Count One, Two and Three- Up to 15 years imprisonment and $500,00 fine;
Counts Four and Five- Up to 10 years imprisonment and $250,00 fine; All Counts- 3 year period of supervised release and $100 mandatory special assessment

FILED
2007 SEP 26  P 3: 34
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S. J.

**DEFENDANT - U.S.**
▶ LAN LEE, a/k/a Lan li, and YUEFEI GE

DISTRICT COURT NUMBER
CR 06 00424 JW

**PROCEEDING**
Name of Complaintant Agency, or Person (&Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense
☐ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

} SHOW DOCKET NO.

} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM
**SCOTT N. SCHOOLS**
☒ U.S. Att'y   ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)
**MATTHEW A. PARRELLA**

**DEFENDANT**
IS *NOT* IN CUSTODY
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☒ Is on Bail or Release from (show District)
Northern District of California

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges
} ☐ Fed'l   ☐ State
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed
Month/Day/Year

DATE OF ARREST ▶
Or... if Arresting Agency & Warrant were not
Month/Day/Year
DATE TRANSFERRED TO U.S. CUSTODY ▶

☐ This report amends AO 257 previously submitted

---- **ADDITIONAL INFORMATION OR COMMENTS** ----

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:
Before Judge:

Comments: