SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

MATTHEW A. PARRELLA (NYSBN 2040855)
Assistant United States Attorney

150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (408) 535-5042
FAX: (408) 535-5066
matthew.parrella@usdoj.gov

Attorneys for Plaintiff

RECEIVED
2007 DEC 18 AM 11:26
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

FILED
DEC 18 2007

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAN LEE,<br>  a/k/a/ Lan Li, and<br>YUEFEI GE,<br><br>Defendants. | No. CR-06-00424-JW (RS)<br><br>STIPULATED INTERIM<br>PROTECTIVE ORDER |

WHEREAS during the course of discovery in the above-captioned criminal case, the United States may produce documents and other items containing information that is intended to be kept secret and/or is "trade secret" information (within the meaning of 18 U.S.C. § 1839(3)) belonging to NetLogic Microsystems ("NLM"), and Taiwan Semiconductor Manufacturing Corporation ("TSMC"); and

WHEREAS the United States and defendants LEE and GE, deem it appropriate for the purpose of facilitating pretrial negotiations and to provide for the protection of such information without agreeing that the specific information is in fact intended to be kept secret or is a trade

DEFENDANTS LAN LEE and YUEFEI GE
STIPULATED INTERIM
PROTECTIVE ORDER
CR-06-00424-JW

secret, and with the further understanding that nothing in this stipulated protective order creates any presumption regarding whether the specific information is intended to be kept secret or is a trade secret, and lastly preserving defendants LEE's and GE's rights to challenge any such designation at a later time;

IT IS HEREBY STIPULATED AND AGREED by and between the United States and defendants LEE and GE and their respective counsel, that the following definitions and procedures will govern the designation and handling of material and other information produced by the United States during pretrial negotiations, while reserving the question of how such material and information should be handled at trial, and during pre- or post-trial hearings for a future time.

1. Definitions:

    a. "Confidential Material" shall mean information that the Government contends is intended to be kept secret or is a trade secret within the meaning of 18 U.S.C. § 1839(3).

    b. "Discovery Material" shall mean all materials disclosed by the United States during discovery in this case (regardless of whether the criminal number assigned to this case changes due to the filing of an indictment or superseding indictment).

2. The United States may designate Discovery Material as Confidential Material to the extent that it believes in good faith that the information or material is or may be Confidential Material as defined in paragraph 1(a) above. Any labeling, segregation, or designation of Discovery Material as "Confidential Material" should be made, whenever possible, in the case of written, tangible, or documentary Discovery Material, at the time that Discovery Material is produced or made known to defendants LEE and GE by stamping each page "CONFIDENTIAL" in a manner that is readily distinguishable from any pre-existing confidential designation or by otherwise manifesting the intention that the Discovery Material be considered Confidential Material. Computer memory storage materials such as tapes, diskettes, hard drives, or other memory media containing Discovery Material deemed by the United States as containing Confidential Material shall be labeled on the outside of the media as "CONFIDENTIAL." The Government shall

maintain unlabeled, or "clean" copies of all discovery material that it has labeled "CONFIDENTIAL" under this stipulated order, for the future use by the parties in subsequent proceedings.

3. Discovery Material designated as "CONFIDENTIAL" shall be retained by defendants LEE's and GE's counsels in the above-captioned case and furnished, at this time, **to no one other than** defendants LEE's and GE's counsels in the above-captioned case, defendants LEE and GE, the staff supporting LEE's and GE's counsel in the above-captioned case such as interpreters, paralegal assistants, and secretarial, stenographic, and clerical employees who are working on this case under the direction of defendants LEE's and GE's counsels and to whom it is necessary that the materials be disclosed for purposes of the defense of this case. In the event that the defendant or his counsel wishes to consult an expert regarding these materials, the procedure for doing so is addressed in paragraph 8 of this agreement. All such material shall be kept in the offices of defendants LEE's and GE's counsels in the above-captioned case and neither this material nor any copies of this material shall leave that office for any purpose except submission in camera to the Court. However, should the defendants LEE or GE be incarcerated before the resolution of this indictment, his counsel may bring the designated confidential material to the facility in which he is incarcerated to assist in the defendant's preparation but shall not leave any such confidential material with the defendant. All such material shall be used **solely** for the purpose of conducting pre-trial, trial, and appellate proceedings in this case and for no other purpose whatsoever, and shall not be used for the economic benefit of defendants LEE and GE or for the benefit of any third party. All motions which contain any of the material labeled "CONFIDENTIAL" and which are filed with the Court shall be filed and kept under seal until further order of the Court. Confidential Material filed under seal shall be filed with the Clerk of the Court in sealed envelopes or boxes

//

//

//

DEFENDANTS LAN LEE and YUEFEI GE
STIPULATED INTERIM
PROTECTIVE ORDER
CR-06-00424-JW

3

prominently marked with the caption of this case and the notation:

**"TO BE FILED UNDER SEAL"**
Contains Confidential Material
To Be Opened Only As Directed By The Court

4. The recipient of any Confidential Material that is provided under this Stipulated Interim Protective Order shall keep such information in a manner reasonably intended to preserve and maintain the confidentiality of the information and shall not disclose such information to any individuals except as authorized by this Stipulated Interim Protective Order.

5. At the conclusion of the above-captioned case, defendants LEE and GE and their counsel in the above-captioned case agree to the return of all Confidential Material to the United States, except as directed by the Court.

6. Nothing herein shall prevent defendants LEE and GE from using the Confidential Material or from referring to, quoting, or reciting from any information contained in such Confidential Material in connection with pleadings or motions filed in this case, provided that such materials be filed under seal and/or submitted to the Court for in camera inspection. The use of Confidential Material at trial or pre- or post-trial hearing will be resolved at or before the time of the trial or hearing.

7. Should defendants LEE and GE dispute the propriety of any designation of Discovery Material as Confidential Material, his counsel shall notify the United States in writing. Such notice shall state counsel's position with regard to the matter in issue. Within seven business days from receiving the notice, the United States shall respond to the notice in writing. If, after this exchange of correspondence, defendants LEE and GE and the United States cannot resolve their dispute, they may apply to the Court to do so. During the pendency of the dispute and any court resolution thereof, including an appeal of the Court's decision on such motion, the discovery material shall be deemed "CONFIDENTIAL" as designated and shall be covered by the provisions of this Stipulated Interim Protective Order. The parties understand that, as this Stipulated Interim Protective Order is primarily intended to facilitate pretrial negotiations, the defendant and his counsel may choose not to formally challenge the Government's designation of

certain material as confidential at this stage in the proceedings. Such a failure to challenge the confidential designation does not constitute a waiver on the defendant's part of either the ability to challenge that confidential designation or the ability to contest that certain portions of the designated confidential material constitutes "trade secret" information under 18 USC § 1839(3).

8. At such time as the defendants LEE and GE retains an expert or experts to assist in the review of the Confidential Material, each such person shall execute an Acknowledgment which shall then be submitted to the Court *ex parte* and *in camera* by the defendant. The defendants LEE and GE shall not be required to provide said Acknowledgment, or the identity of the expert who signed it, to the United States, unless so ordered by the Court. The United States retains the right to request that the Court authorize such disclosure. Nothing in this paragraph relieves the defendant of the discovery obligations contained in Fed. R. Crim. P. 16 (b)(1)(C), nor does the United States waive any rights thereunder by entering into this stipulation. By signing and agreeing to the terms of this Stipulated Interim Protective Order, no person shall be deemed to have conceded that any material has been properly designated as confidential.

9. Nothing in this order shall preclude the United States or defendants LEE and GE from applying to the Court for further relief or modification. The parties agreement to enter into this Stipulated Interim Protective Order at his time is for the purpose of pretrial negotiations is not a concession by the defendant that the terms contained herein would be appropriate should the case proceed beyond that stage.

10. Willful violation of this Stipulated Interim Protective Order may be punishable by contempt of court, whatever other sanction the Court deems just, or any other sanctions or combination of sanctions which are legally available.

DATED: 12/17/07

SCOTT N. SCHOOLS
United States Attorney

MATTHEW A. PARRELLA
Assistant United States Attorney

DEFENDANTS LAN LEE and YUEFEI GE
STIPULATED INTERIM
PROTECTIVE ORDER
CR-06-00424-JW

5

# AGREEMENT TO BE BOUND BY
# STIPULATED INTERIM PROTECTIVE ORDER

The undersigned, defendant YUEFEI GE, and his counsel in the above-captioned case, CR-06-00424-JW, hereby acknowledge that they have received a copy of the Stipulated Interim Protective Order in the above-captioned case, have read, understand, and agree to be bound by all of the provisions thereof, and hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

DATED: 12/16/07

_____
EDWARD SWANSON
Attorney for defendant GE

DATED:

_____
YUEFEI GE
Defendant

DATED: 12/19/07
IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DEFENDANTS LAN LEE and YUEFEI GE
STIPULATED INTERIM
PROTECTIVE ORDER
CR-06-00424-JW

6

# AGREEMENT TO BE BOUND BY
# STIPULATED INTERIM PROTECTIVE ORDER

The undersigned, defendant YUEFEI GE, and his counsel in the above-captioned case, CR-06-00424-JW, hereby acknowledge that they have received a copy of the Stipulated Interim Protective Order in the above-captioned case, have read, understand, and agree to be bound by all of the provisions thereof, and hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

DATED:

_____
EDWARD SWANSON
Attorney for defendant GE

DATED:

_____
YUEFEI GE
Defendant

DATED: 12/19/07
IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DEFENDANTS LAN LEE and YUEFEI GE
STIPULATED INTERIM
PROTECTIVE ORDER
CR-06-00424-JW

6