*E-Filed 4/24/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LAN LEE AND YUEFEI GE,<br><br>    Defendants.<br>_____/ | No. 5:06 CR 0424 JW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH** |

## I. INTRODUCTION

Defendants Lan Lee ("Lee") and Yuefei Ge ("Ge") are charged with conspiracy, economic espionage, and theft of trade secrets from their former employer, NetLogic Microsystems, Inc. ("NetLogic"). *See* Superseding Indictment of Lan Lee and Yuefei Ge, filed September 26, 2007. On March 30, 2009, defendants served NetLogic with four subpoena *duces tecum* requests ("the 3/30/09 Requests"), and on April 2, 2009, they served three more ("the 4/2/09 Requests"). *See* Subpoenas to Produce Documents or Objects in a Criminal Case, *attached as* Exhibits D & E to NetLogic's Motion to Quash, filed April 9, 2009.

NetLogic has moved to quash the first two 3/30/09 Requests and the first two 4/2/09 Requests. It also asks the Court to modify the third and fourth 3/30/09 Requests and the third 4/2/09 Request. For the reasons set forth below, NetLogic's motion is granted in part and denied in part.

## II. LEGAL STANDARD

The Court has previously detailed the legal standard by which courts in this district analyze motions to quash subpoenas in a criminal case. *See* Order Granting in Part and Denying in Part Motions to Quash, filed March 18, 2009, at 2-3. That standard is incorporated herein by reference.

## III. DISCUSSION

**A. 3/30/09 Requests #1 and #2**

These requests ask NetLogic to produce "[r]ecords of communications with Lestina International Limited regarding the Datasheets pertaining to the Cam-3, NSE5512, or NSE5512-GLC, through July 29, 2003" and "[r]ecords of transmittal of the Datasheets pertaining to the Cam-3, NSE5512, or NSE5512-GLC to Lestina International Limited, through July 29, 2003." Exhibit D, *supra*, at 3. NetLogic contends that these requests are a mere fishing expedition and that they fail the specificity prong of the *Nixon* test. *See United States v. Nixon*, 418 U.S. 683, 700 (1974) (holding that a subpoena is "unreasonable or oppressive" under Federal Rule of Criminal Procedure 17 if it lacks "(1) relevancy, (2) admissibility, [or] (3) specificity"). According to NetLogic, the requests "would require NetLogic to sort through potentially thousands of e-mails and other documents contained in archives or storage solely because of Defendants' vague hopes that something supportive of their theories might turn up." NetLogic's Motion to Quash, *supra*, at 5.

The Court agrees. Although communications and datasheet transmittals between NetLogic and Lestina International Limited ("Lestina") may indeed be relevant to the defense—particularly if they exceed the scope of any non-disclosure agreements between Lestina and NetLogic—the broad generalizations in the subpoena requests are far too vague to be appropriate in a criminal discovery context.

NetLogic has, however, indicated its willingness to produce a copy of a non-disclosure agreement between NetLogic and Lestina, which NetLogic believes is applicable to the information defendants allegedly stole. Letter from Denis Salmon, attached as Exhibit C to NetLogic's Motion

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH
CASE NO. 5:06 CR 0424 JW

2

**United States District Court**
For the Northern District of California

1 to Quash, *supra*.  The 3/30/09 Requests will therefore be allowed to stand with respect to this non-
2 disclosure agreement only.

### B.  4/2/09 Requests #1 and #2

Similarly, the first two requests in the 4/2/09 subpoena ask NetLogic to produce "[r]ecords of communications to the following companies regarding the NSE5512 datasheet before the NSE5512 product was manufactured and shipped" and "[c]opies of the NSE5512 datasheet, any portion NSE5512 datasheet, or any draft of the NSE5512 datasheet that was provided to the following companies before the NSE5512 product was manufactured and shipped."  The "following companies" are: "(1) Nortel Network, (2) Alcatel, (3) 3Com, (4) Foundry Networks, (5) Level One Communication, (6) Level Three Communication, (7) Huawei, (8) Extreme Networks, and (9) Lucent."  Exhibit E, *supra*, at 3.  As with the Lestina subpoena requests, NetLogic argues, and the Court agrees, that these broadly worded subpoena requests lack appropriate *Nixon* specificity.  These requests will therefore be quashed.

### C.  3/31/09 Request #3

This request asks NetLogic to produce a "copy of the Chinese translation of the Datasheets pertaining to Cam-3, NSE5512, or NSE5512-GLC that was prepared prior to July 29, 2003."  Exhibit D, *supra*, at 3.  NetLogic requests the Court to modify this subpoena request to require "search, and if located after a reasonable search, production" of a copy of this translation.  Proposed Order Granting Motion to Quash, filed April 21, 2009, at 2.

As nearly all subpoena *duces tecum* requests entail a reasonable search for a document, and, if located, production of that document, the Court is unable to discern any meaningful difference between Lee and Ge's version of 3/31/09 Request #3 on the one hand, and NetLogic's version on the other.  *See, e.g.*, *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 21, 38 (D.D.C. 1998) (noting that, in the civil context, "an individual served with a subpoena *duces tecum* has an obligation to conduct a reasonable search to ensure that non-privileged documents that are relevant or likely to

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH
CASE NO. 5:06 CR 0424 JW
3

lead to the discovery of admissible evidence are produced"). Accordingly, since NetLogic's request for modification appears to be a matter of semantics only, it will be denied.

**D.  3/31/09 Request #4**

This request asks NetLogic to produce "[c]opies of datasheets pertaining to the NSE4256, NSE3256, NSE3128, and NSE2032 chips." Exhibit D, *supra*, at 3. NetLogic claims that it "has numerous versions of the datasheets concerning these four . . . products, and the requests as drafted could require production of thousands of pages of unnecessary and inadmissible material." NetLogic's Motion to Quash, *supra*, at 6. As a compromise, NetLogic offers to provide defendants with "general or exemplar versions of these requested datasheets." *Id.* Since defendants do not contest this offer in their opposition, or explain why it is unacceptable, they have not met their burden of production under *Nixon*. NetLogic's request for modification will therefore be granted.

**E.  4/2/09 Request #3**

As to the final subpoena request at issue, which asks for non-disclosure agreements between NetLogic and the nine companies listed in 4/20/09 Requests 1 and 2, the parties appear to have resolved their dispute by agreeing to a time limitation of July 29, 2004.

NetLogic claims, however, that five of the nine company names indicated in the 4/2/09 subpoena requests—Alcatel, 3Com, Huawei, Lucent, and Nortel—are names that appear in "several different companies with whom NetLogic has non-disclosure agreements." Cortes Declaration, *supra*, at 2. NetLogic shall, therefore, produce any agreements it entered into within the pertinent time period, with any company whose name contains one or more of the names listed in 4/2/09 Request #3.

**IV.  CONCLUSION**

As detailed above, NetLogic's motion to quash and/or modify is granted in part and denied in part as follows:

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH
CASE NO. 5:06 CR 0424 JW
4

- As to 3/30/09 Requests 1 and 2, the motion to quash is granted except for the non-disclosure agreement between NetLogic and Lestina previously offered by NetLogic.
- As to 3/30/09 Request 3, the motion to modify is denied.
- As to 3/30/09 Request 4, the motion to modify is granted, and the request is modified to require NetLogic to produce general or exemplar versions of the requested datasheets.
- As to 4/20/09 Requests 1 and 2, the motion to quash is granted.
- As to 4/2/09 Request 3, the motion to modify is granted, and the request is modified to include a date limitation of July 29, 2004.  Also, NetLogic's obligation to produce the requested non-disclosure agreements is extended to cover any companies whose names contain the words Alcatel, 3Com, Huawei, Lucent, or Nortel.

**IT IS SO ORDERED.**

Dated:  4/24/09

RICHARD SEEBORG
United States Magistrate Judge