GIBSON, DUNN & CRUTCHER LLP
DENIS R. SALMON, SBN 72500,
DSalmon@gibsondunn.com
1881 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

*E-Filed 5/7/09*

Attorney for Third-Party
NETLOGIC MICROSYSTEMS, INC.

KEKER & VAN NEST, LLP
ASHOK RAMANI, SBN 200020
aramani@kvn.com
PAVEN MALHOTRA, SBN 258429
pmalhotra@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Attorneys for Third-Party TAIWAN SEMICONDUCTOR
MANUFACTURING COMPANY, LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>LAN LEE,<br>     aka Lan Li, and<br><br>YUEFEI GE,<br><br>                    Defendants. | CASE NO.   5:06-CR-0424 JW<br><br>STIPULATION AND [PROPOSED] ORDER EXTENDING THE STIPULATED INTERIM PROTECTIVE ORDERS REGARDING CONFIDENTIAL INFORMATION TO DOCUMENTS PRODUCED BY THIRD-PARTIES NETLOGIC MICROSYSTEMS, INC. AND TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY, LTD.<br><br>Date:  No Hearing Date Set<br>Time:  N/A<br>Court: Hon. Richard G. Seeborg, Courtroom 4 |

Gibson, Dunn &
Crutcher LLP

441004.01

1    WHEREAS, on July 18, 2006 and December 19, 2007 this Court entered a Stipulated Interim

2    Protective Order Regarding Confidential Information ("Stipulated Interim Protective Orders")

3    between Defendants and the United States in the above-captioned case;

4    WHEREAS, Defendants have subpoenaed and have requested documents and other items

5    from non-parties NetLogic Microsystems, Inc. ("NetLogic") and Taiwan Semiconductor

6    Manufacturing Company ("TSMC") which contain confidential, proprietary or trade secret

7    information; and

8    WHEREAS, the United States, Defendants, NetLogic and TSMC agree and stipulate that the

9    Stipulated Interim Protective Orders should also apply to and govern the production of documents

10   and items by NetLogic, and TSMC in this matter, with the inclusion of additional provisions, as

11   noted below;

12   NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among the United States,

13   Defendants, NetLogic and TSMC, through their respective counsel, as follows:

14   1.    The Stipulated Interim Protective Orders, attached hereto as Exhibit A, shall also

15   apply to and govern the production of documents and items by NetLogic and TSMC in this matter;

16   2.    Documents produced by NetLogic and TSMC in this matter shall be designated and

17   handled in accordance with the terms of the Stipulated Interim Protective Orders and shall be treated

18   by Defendants and by the United States in accordance with those terms, with the following additions

19   to be included as noted:

20   Paragraph 1A:  For material produced by TSMC and NetLogic, "Confidential Material" shall

21   mean information (regardless of how generated, stored or maintained) or tangible things that

22   qualify for protection under standards developed under F.R.Civ.P. 26(c).

23

24   Paragraph 5A:  At the conclusion of the above-captioned case, defendants LEE

25   and GE and their counsel and the United States agree to either (1) return to

26   NetLogic and TSMC all of the Confidential Material that each non-party has

27   respectively produced that is not otherwise lodged with the Court, except as

28   directed by the Court; or (2) destroy all Confidential Material that is not otherwise

1    lodged with the Court, and certify such destruction in writing to NetLogic and

2    TSMC, except as otherwise directed by the Court.

3

4    Paragraph 8A: The Acknowledgement described in Paragraph 8 shall be in the

5    form attached as Exhibit B (if signed by an expert of the Defendants) or as

6    Exhibit C (if signed by an expert of the United States).

7

8

9    DATED: May 4, 2009

10                       GIBSON, DUNN & CRUTCHER LLP

11

12                       By:

                          DENIS R. SALMON

13                       Attorney for Third Party

14                       NetLogic Microsystems, Inc.

15    DATED: May 4, 2009            KEKER & VAN NEST, LLP

16

17

18                       By

                          ASHOK RAMANI

19                       Attorney for Third Party

                          Taiwan Semiconductor Manufacturing Company, Ltd.

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

441004.01                                2

1

2    **AGREEMENT TO BE BOUND BY STIPULATION EXTENDING THE STIPULATED**

3    **PROTECTIVE ORDERS REGARDING CONFIDENTIAL INFORMATION AND**

4    **DOCUMENTS PRODUCED BY NON-PARTIES NETLOGIC MICROSYSTEMS, INC. AND**

5    **TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY, LTD.**

6

7    The undersigned, defendant YUEFEI GE, and his counsel in the above-captioned case, CR-06-
8    00424-JW, hereby acknowledge that they have received a copy of the Stipulation Extending the
     Stipulated Protective Orders Regarding Confidential Information and Documents Produced by Non-
9    Parties NetLogic Microsystems, Inc. and Taiwan Semiconductor Manufacturing Company, Ltd. ("the
     Stipulation"), have read, understand, and agree to be bound by all of the provisions thereof, and
10   hereby submit to the jurisdiction of the United States District Court for the Northern District of
     California for the purpose of enforcement of the terms of the Stipulation and the punishment of any
11   violations thereof.

12

13   DATED: 5/5/09                            By: _____
14                                            EDWARD SWANSON
                                              Attorney for Defendant Ge
15

16   DATED: 5/5/09                            By: _____
17                                            YUEFEI GE
                                              Defendant
18
              5/7/09
19   DATED:_____

20   **IT IS SO ORDERED**                     Hon. Richard G. Seeborg
                                              United States Magistrate Judge
21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

441004.01                                    3

**AGREEMENT TO BE BOUND BY STIPULATION EXTENDING THE STIPULATED**
**PROTECTIVE ORDERS REGARDING CONFIDENTIAL INFORMATION AND**
**DOCUMENTS PRODUCED BY NON-PARTIES NETLOGIC MICROSYSTEMS, INC. AND**
**TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY, LTD.**

The undersigned, defendant LAN LEE, and his counsel in the above-captioned case, CR-06-00424-JW, hereby acknowledge that they have received a copy of the Stipulation Extending the Stipulated Protective Orders Regarding Confidential Information and Documents Produced by Non-Parties NetLogic Microsystems, Inc. and Taiwan Semiconductor Manufacturing Company, Ltd. ("the Stipulation"), have read, understand, and agree to be bound by all of the provisions thereof, and hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcement of the terms of the Stipulation and the punishment of any violations thereof.

DATED:_____          By:_____
                                THOMAS NOLAN
                                Attorney for Defendant Lee

DATED:_____          By:_____
                                LAN LEE
                                Defendant

DATED:_____

IT IS SO ORDERED                _____
                                Hon. Richard G. Seeborg
                                United States Magistrate Judge

## AGREEMENT TO BE BOUND BY STIPULATION EXTENDING THE STIPULATED PROTECTIVE ORDERS REGARDING CONFIDENTIAL INFORMATION AND DOCUMENTS PRODUCED BY NON-PARTIES NETLOGIC MICROSYSTEMS, INC. AND TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY, LTD.

The United States of America, through undersigned counsel in the above-captioned case, CR-06-00424-JW, hereby acknowledges that it has received a copy of the Stipulation Extending the Stipulated Protective Orders Regarding Confidential Information and Documents Produced by Non-Parties NetLogic Microsystems, Inc. and Taiwan Semiconductor Manufacturing Company, Ltd. ("the Stipulation"), has read, understands, and agrees to be bound by all of the provisions thereof, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcement of the terms of the Stipulation and the punishment of any violations thereof.

DATED: 5/5/09              UNITED STATES OF AMERICA

                           By:
                           Matthew A. Parrella
                           Assistant United States Attorney


DATED:_____

IT IS SO ORDERED          Hon. Richard G. Seeborg
                          United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**JULY 18, 2006 AND DECEMBER 19, 2007 STIPULATED INTERIM PROTECTIVE ORDERS**

Gibson, Dunn &
Crutcher LLP

441004.01

6

1   KEVIN V. RYAN (CASBN 118321)
    United States Attorney

2

3   MARK L. KROTOSKI (CASBN 138549)
    Chief, Criminal Division

4   MATTHEW A. PARRELLA (NYSBN 2040855)
    Assistant United States Attorney

5

6     150 Almaden Blvd., Suite 900
    San Jose, California 95113

7     Telephone: (408) 535-5042
    FAX: (408) 535-5066

8     matthew.parrella@usdoj.gov

9   Attorneys for Plaintiff

**FILED**

JUL 1 8 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

10           UNITED STATES DISTRICT COURT

11         NORTHERN DISTRICT OF CALIFORNIA

12             SAN JOSE DIVISION

| | | |
|---|---|---|
| 13   UNITED STATES OF AMERICA, | ) | No. CR-06-00424-JW |
| 14         Plaintiff, | ) | STIPULATED INTERIM |
| 15       v. | ) | PROTECTIVE ORDER |
| 16 | ) | |
| 17   LAN LEE, | ) | |
|     a/k/a/ Lan Li, and | ) | |
| 18   YUEFEI GE, | ) | |
|         Defendants. | ) | |

19 _____

20       WHEREAS during the course of discovery in the above-captioned criminal case, the

21 United States may produce documents and other items containing information that is intended to

22 be kept secret and/or is "trade secret" information (within the meaning of 18 U.S.C. § 1839(3))

23 belonging to NetLogic Microsystems ("NLM"), and Taiwan Semiconductor Manufacturing

24 Corporation ("TSMC"); and

25       WHEREAS the United States and defendants LEE and GE, deem it appropriate for the

26 purpose of facilitating pretrial negotiations and to provide for the protection of such information

27 without agreeing that the specific information is in fact intended to be kept secret or is a trade

28 DEFENDANTS LAN LEE and YUEFEI GE
   STIPULATED INTERIM
   PROTECTIVE ORDER
   CR-06-00424-JW

1   secret, and with the further understanding that nothing in this stipulated protective order creates

2   any presumption regarding whether the specific information is intended to be kept secret or is a

3   trade secret, and lastly preserving defendants LEE's and GE's rights to challenge any such

4   designation at a later time;

5        IT IS HEREBY STIPULATED AND AGREED by and between the United States and

6   defendants LEE and GE and their respective counsel, that the following definitions and

7   procedures will govern the designation and handling of material and other information produced

8   by the United States during pretrial negotiations, while reserving the question of how such

9   material and information should be handled at trial, and during pre- or post-trial hearings for a

10  future time.

11      1. Definitions:

12        a. "Confidential Material" shall mean information that the Government contends is

13  intended to be kept secret or is a trade secret within the meaning of 18 U.S.C. § 1839(3).

14        b. "Discovery Material" shall mean all materials disclosed by the United States during

15  discovery in this case (regardless of whether the criminal number assigned to this case changes

16  due to the filing of an indictment or superseding indictment).

17      2. The United States may designate Discovery Material as Confidential Material to the extent

18  that it believes in good faith that the information or material is or may be Confidential Material

19  as defined in paragraph 1(a) above.  Any labeling, segregation, or designation of Discovery

20  Material as "Confidential Material" should be made, whenever possible, in the case of written,

21  tangible, or documentary Discovery Material, at the time that Discovery Material is produced or

22  made known to defendants LEE and GE by stamping each page "CONFIDENTIAL" in a manner

23  that is readily distinguishable from any pre-existing confidential designation or by otherwise

24  manifesting the intention that the Discovery Material be considered Confidential Material.

25  Computer memory storage materials such as tapes, diskettes, hard drives, or other memory media

26  containing Discovery Material deemed by the United States as containing Confidential Material

27  shall be labeled on the outside of the media as "CONFIDENTIAL."  The Government shall

28  DEFENDANTS LAN LEE and YUEFEI GE
    STIPULATED INTERIM
    PROTECTIVE ORDER
    CR-06-00424-JW

1   maintain unlabeled, or "clean" copies of all discovery material that it has labeled

2   "CONFIDENTIAL" under this stipulated order, for the future use by the parties in subsequent

3   proceedings.

4       3. Discovery Material designated as "CONFIDENTIAL" shall be retained by defendants

5   LEE's and GE's counsels in the above-captioned case and furnished, at this time, **to no one**

6   **other than** defendants LEE's and GE's counsels in the above-captioned case, defendants LEE

7   and GE, the staff supporting LEE's and GE's counsel in the above-captioned case such as

8   interpreters, paralegal assistants, and secretarial, stenographic, and clerical employees who are

9   working on this case under the direction of defendants LEE's and GE's counsels and to whom it

10  is necessary that the materials be disclosed for purposes of the defense of this case. In the event

11  that the defendant or his counsel wishes to consult an expert regarding these materials, the

12  procedure for doing so is addressed in paragraph 8 of this agreement. All such material shall be

13  kept in the offices of defendants LEE's and GE's counsels in the above-captioned case and

14  neither this material nor any copies of this material shall leave that office for any purpose except

15  submission in camera to the Court. However, should the defendants LEE or GE be incarcerated

16  before the resolution of this indictment, his counsel may bring the designated confidential

17  material to the facility in which he is incarcerated to assist in the defendant's preparation but

18  shall not leave any such confidential material with the defendant. All such material shall be

19  used **solely** for the purpose of conducting pre-trial, trial, and appellate proceedings in this case

20  and for no other purpose whatsoever, and shall not be used for the economic benefit of

21  defendants LEE and GE or for the benefit of any third party. All motions which contain any of

22  the material labeled "CONFIDENTIAL" and which are filed with the Court shall be filed and

23  kept under seal until further order of the Court. Confidential Material filed under seal shall be

24  filed with the Clerk of the Court in sealed envelopes or boxes

25  //

26  //

27  //

28  DEFENDANTS LAN LEE and YUEFEI GE
    STIPULATED INTERIM
    PROTECTIVE ORDER
    CR-06-00424-JW

1   prominently marked with the caption of this case and the notation:

2   **"TO BE FILED UNDER SEAL"**
    Contains Confidential Material

3   To Be Opened Only As Directed By The Court

4       4. The recipient of any Confidential Material that is provided under this Stipulated Interim

5   Protective Order shall keep such information in a manner reasonably intended to preserve and

6   maintain the confidentiality of the information and shall not disclose such information to any

7   individuals except as authorized by this Stipulated Interim Protective Order.

8       5. At the conclusion of the above-captioned case, defendants LEE and GE and their counsel

9   in the above-captioned case agree to the return of all Confidential Material to the United States,

10  except as directed by the Court.

11      6. Nothing herein shall prevent defendants LEE and GE from using the Confidential Material

12  or from referring to, quoting, or reciting from any information contained in such Confidential

13  Material in connection with pleadings or motions filed in this case, provided that such materials

14  be filed under seal and/or submitted to the Court for in camera inspection.  The use of

15  Confidential Material at trial or pre- or post-trial hearing will be resolved at or before the time of

16  the trial or hearing.

17      7. Should defendants LEE and GE dispute the propriety of any designation of Discovery

18  Material as Confidential Material, his counsel shall notify the United States in writing.  Such

19  notice shall state counsel's position with regard to the matter in issue.  Within seven business

20  days from receiving the notice, the United States shall respond to the notice in writing.  If, after

21  this exchange of correspondence, defendants LEE and GE and the United States cannot resolve

22  their dispute, they may apply to the Court to do so.  During the pendency of the dispute and any

23  court resolution thereof, including an appeal of the Court's decision on such motion, the

24  discovery material shall be deemed "CONFIDENTIAL" as designated and shall be covered by

25  the provisions of this Stipulated Interim Protective Order.  The parties understand that, as this

26  Stipulated Interim Protective Order is primarily intended to facilitate pretrial negotiations, the

27  defendant and his counsel may choose not to formally challenge the Government's designation of

28  DEFENDANTS LAN LEE and YUEFEI GE
    STIPULATED INTERIM
    PROTECTIVE ORDER
    CR-06-00424-JW

4

1  certain material as confidential at this stage in the proceedings.  Such a failure to challenge the

2  confidential designation does not constitute a waiver on the defendant's part of either the ability

3  to challenge that confidential designation or the ability to contest that certain portions of the

4  designated confidential material constitutes "trade secret" information under 18 USC § 1839(3).

5      8.  At such time as the defendants LEE and GE retains an expert or experts to assist in the

6  review of the Confidential Material, each such person shall execute an Acknowledgment which

7  shall then be submitted to the Court *ex parte* and *in camera* by the defendant.  The defendants

8  LEE and GE shall not be required to provide said Acknowledgment, or the identity of the expert

9  who signed it, to the United States, unless so ordered by the Court.  The United States retains the

10  right to request that the Court authorize such disclosure.  Nothing in this paragraph relieves the

11  defendant of the discovery obligations contained in Fed. R. Crim. P. 16 (b)(1)(C), nor does the

12  United States waive any rights thereunder by entering into this stipulation. By signing and

13  agreeing to the terms of this Stipulated Interim Protective Order, no person shall be deemed to

14  have conceded that any material has been properly designated as confidential.

15      9.  Nothing in this order shall preclude the United States or defendants LEE and GE  from

16  applying to the Court for further relief or modification.  The parties agreement to enter into this

17  Stipulated Interim Protective Order at his time is for the purpose of pretrial negotiations is not a

18  concession by the defendant that the terms contained herein would be appropriate should the case

19  proceed beyond that stage.

20      10.  Willful violation of this Stipulated Interim Protective Order may be punishable by

21  contempt of court, whatever other sanction the Court deems just, or any other sanctions or

22  combination of sanctions which are legally available.

23  DATED:  7/10/06

                       KEVIN V. RYAN
                       United States Attorney

26                         MATTHEW A. PARRELLA
                       Assistant United States Attorney

28  DEFENDANTS LAN LEE and YUEFEI GE
STIPULATED INTERIM
PROTECTIVE ORDER
CR-06-00424-JW

                      5

## AGREEMENT TO BE BOUND BY

## STIPULATED INTERIM PROTECTIVE ORDER

The undersigned, defendant LAN LEE, and his counsel in the above-captioned case, CR-06-00424-JW, hereby acknowledge that they have received a copy of the Stipulated Interim Protective Order in the above-captioned case, have read, understand, and agree to be bound by all of the provisions thereof, and hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

DATED: 7/10/06

_____
THOMAS J. NOLAN
Attorney for defendant LEE

DATED: 7/10/06

_____
LAN LEE
Defendant

//
//
//
//
//
//
//
//
//
//
//
//
//

DEFENDANTS LAN LEE and YUEFEI GE
STIPULATED INTERIM
PROTECTIVE ORDER
CR-06-00424-JW

6

## AGREEMENT TO BE BOUND BY
## STIPULATED INTERIM PROTECTIVE ORDER

The undersigned, defendant YUEFEI GE, and his counsel in the above-captioned case, CR-06-00424-JW, hereby acknowledge that they have received a copy of the Stipulated Interim Protective Order in the above-captioned case, have read, understand, and agree to be bound by all of the provisions thereof, and hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

DATED:  7-10-06

_____
JOHN WILLIAMS
Attorney for defendant GE

DATED:  7-10-06

_____
YUEFEI GE
Defendant

DATED:  7-17-06

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DEFENDANTS LAN LEE and YUEFEI GE
STIPULATED INTERIM
PROTECTIVE ORDER
CR-06-00424-JW

7

**ACKNOWLEDGMENT OF STIPULATED PROTECTED ORDER IN:**

**UNITED STATES v. LAN LEE and YUEFEI GE**

CR-06-00424-JW

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Interim Protective Order issued in United States v. LAN LEE and YUEFEI GE, CR-06-00424-JW, has read, understands, and agrees to the terms of the Stipulated Interim Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

DATED:

_____
Signature

_____
Printed Name

_____
Street Address

_____
City, State, and Zip Code

_____
Area Code and Telephone Number

DEFENDANTS LAN LEE and YUEFEI GE
STIPULATED INTERIM
PROTECTIVE ORDER
CR-06-00424-JW

1   SCOTT N. SCHOOLS (SCBN 9990)
    United States Attorney

2

3   BRIAN J. STRETCH (CASBN 163973)
    Chief, Criminal Division

4   MATTHEW A. PARRELLA (NYSBN 2040855)
    Assistant United States Attorney

5
    150 Almaden Blvd., Suite 900
6   San Jose, California 95113
    Telephone: (408) 535-5042
7   FAX: (408) 535-5066
    matthew.parrella@usdoj.gov
8
    Attorneys for Plaintiff
9

RECEIVED

2007 DEC 18  AM 11: 26

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

FILED

DEC 19 2007

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                   SAN JOSE DIVISION

13   UNITED STATES OF AMERICA,        )   No. CR-06-00424-JW ( RS )
                                      )
14            Plaintiff,              )   STIPULATED INTERIM
                                      )   PROTECTIVE ORDER
15        v.                          )
                                      )
16                                    )
     LAN LEE,                         )
17        a/k/a/ Lan Li, and          )
     YUEFEI GE,                       )
18                                    )
              Defendants.             )
19   _____ )

20          WHEREAS during the course of discovery in the above-captioned criminal case, the

21   United States may produce documents and other items containing information that is intended to

22   be kept secret and/or is "trade secret" information (within the meaning of 18 U.S.C. § 1839(3))

23   belonging to NetLogic Microsystems ("NLM"), and Taiwan Semiconductor Manufacturing

24   Corporation ("TSMC"); and

25          WHEREAS the United States and defendants LEE and GE, deem it appropriate for the

26   purpose of facilitating pretrial negotiations and to provide for the protection of such information

27   without agreeing that the specific information is in fact intended to be kept secret or is a trade

28   DEFENDANTS LAN LEE and YUEFEI GE
     STIPULATED INTERIM
     PROTECTIVE ORDER
     CR-06-00424-JW

1    secret, and with the further understanding that nothing in this stipulated protective order creates

2    any presumption regarding whether the specific information is intended to be kept secret or is a

3    trade secret, and lastly preserving defendants LEE's and GE's rights to challenge any such

4    designation at a later time;

5        IT IS HEREBY STIPULATED AND AGREED by and between the United States and

6    defendants LEE and GE and their respective counsel, that the following definitions and

7    procedures will govern the designation and handling of material and other information produced

8    by the United States during pretrial negotiations, while reserving the question of how such

9    material and information should be handled at trial, and during pre- or post-trial hearings for a

10   future time.

11       1. Definitions:

12       a. "Confidential Material" shall mean information that the Government contends is

13   intended to be kept secret or is a trade secret within the meaning of 18 U.S.C. § 1839(3).

14       b. "Discovery Material" shall mean all materials disclosed by the United States during

15   discovery in this case (regardless of whether the criminal number assigned to this case changes

16   due to the filing of an indictment or superseding indictment).

17       2. The United States may designate Discovery Material as Confidential Material to the extent

18   that it believes in good faith that the information or material is or may be Confidential Material

19   as defined in paragraph 1(a) above.  Any labeling, segregation, or designation of Discovery

20   Material as "Confidential Material" should be made, whenever possible, in the case of written,

21   tangible, or documentary Discovery Material, at the time that Discovery Material is produced or

22   made known to defendants LEE and GE by stamping each page "CONFIDENTIAL" in a manner

23   that is readily distinguishable from any pre-existing confidential designation or by otherwise

24   manifesting the intention that the Discovery Material be considered Confidential Material.

25   Computer memory storage materials such as tapes, diskettes, hard drives, or other memory media

26   containing Discovery Material deemed by the United States as containing Confidential Material

27   shall be labeled on the outside of the media as "CONFIDENTIAL."  The Government shall

28   DEFENDANTS LAN LEE and YUEFEI GE
     STIPULATED INTERIM
     PROTECTIVE ORDER
     CR-06-00424-JW

                                              2

1   maintain unlabeled, or "clean" copies of all discovery material that it has labeled

2   "CONFIDENTIAL" under this stipulated order, for the future use by the parties in subsequent

3   proceedings.

4       3. Discovery Material designated as "CONFIDENTIAL" shall be retained by defendants

5   LEE's and GE's counsels in the above-captioned case and furnished, at this time, **to no one**

6   **other than** defendants LEE's and GE's counsels in the above-captioned case, defendants LEE

7   and GE, the staff supporting LEE's and GE's counsel in the above-captioned case such as

8   interpreters, paralegal assistants, and secretarial, stenographic, and clerical employees who are

9   working on this case under the direction of defendants LEE's and GE's counsels and to whom it

10  is necessary that the materials be disclosed for purposes of the defense of this case.  In the event

11  that the defendant or his counsel wishes to consult an expert regarding these materials, the

12  procedure for doing so is addressed in paragraph 8 of this agreement.  All such material shall be

13  kept in the offices of defendants LEE's and GE's counsels in the above-captioned case and

14  neither this material nor any copies of this material shall leave that office for any purpose except

15  submission in camera to the Court.  However, should the defendants LEE or GE be incarcerated

16  before the resolution of this indictment, his counsel may bring the designated confidential

17  material to the facility in which he is incarcerated to assist in the defendant's preparation but

18  shall not leave any such confidential material with the defendant.  All such material shall be

19  used **solely** for the purpose of conducting pre-trial, trial, and appellate proceedings in this case

20  and for no other purpose whatsoever, and shall not be used for the economic benefit of

21  defendants LEE and GE or for the benefit of any third party.  All motions which contain any of

22  the material labeled "CONFIDENTIAL" and which are filed with the Court shall be filed and

23  kept under seal until further order of the Court.  Confidential Material filed under seal shall be

24  filed with the Clerk of the Court in sealed envelopes or boxes

25  //

26  //

27  //

28  DEFENDANTS LAN LEE and YUEFEI GE
    STIPULATED INTERIM
    PROTECTIVE ORDER
    CR-06-00424-JW

1  prominently marked with the caption of this case and the notation:

**"TO BE FILED UNDER SEAL"**
Contains Confidential Material
To Be Opened Only As Directed By The Court

4. The recipient of any Confidential Material that is provided under this Stipulated Interim Protective Order shall keep such information in a manner reasonably intended to preserve and maintain the confidentiality of the information and shall not disclose such information to any individuals except as authorized by this Stipulated Interim Protective Order.

5. At the conclusion of the above-captioned case, defendants LEE and GE and their counsel in the above-captioned case agree to the return of all Confidential Material to the United States, except as directed by the Court.

6. Nothing herein shall prevent defendants LEE and GE from using the Confidential Material or from referring to, quoting, or reciting from any information contained in such Confidential Material in connection with pleadings or motions filed in this case, provided that such materials be filed under seal and/or submitted to the Court for in camera inspection. The use of Confidential Material at trial or pre- or post-trial hearing will be resolved at or before the time of the trial or hearing.

7. Should defendants LEE and GE dispute the propriety of any designation of Discovery Material as Confidential Material, his counsel shall notify the United States in writing. Such notice shall state counsel's position with regard to the matter in issue. Within seven business days from receiving the notice, the United States shall respond to the notice in writing. If, after this exchange of correspondence, defendants LEE and GE and the United States cannot resolve their dispute, they may apply to the Court to do so. During the pendency of the dispute and any court resolution thereof, including an appeal of the Court's decision on such motion, the discovery material shall be deemed "CONFIDENTIAL" as designated and shall be covered by the provisions of this Stipulated Interim Protective Order. The parties understand that, as this Stipulated Interim Protective Order is primarily intended to facilitate pretrial negotiations, the defendant and his counsel may choose not to formally challenge the Government's designation of

DEFENDANTS LAN LEE and YUEFEI GE
STIPULATED INTERIM
PROTECTIVE ORDER
CR-06-00424-JW

4

1  certain material as confidential at this stage in the proceedings. Such a failure to challenge the

2  confidential designation does not constitute a waiver on the defendant's part of either the ability

3  to challenge that confidential designation or the ability to contest that certain portions of the

4  designated confidential material constitutes "trade secret" information under 18 USC § 1839(3).

5      8. At such time as the defendants LEE and GE retains an expert or experts to assist in the

6  review of the Confidential Material, each such person shall execute an Acknowledgment which

7  shall then be submitted to the Court *ex parte* and *in camera* by the defendant. The defendants

8  LEE and GE shall not be required to provide said Acknowledgment, or the identity of the expert

9  who signed it, to the United States, unless so ordered by the Court. The United States retains the

10 right to request that the Court authorize such disclosure. Nothing in this paragraph relieves the

11 defendant of the discovery obligations contained in Fed. R. Crim. P. 16 (b)(1)(C), nor does the

12 United States waive any rights thereunder by entering into this stipulation. By signing and

13 agreeing to the terms of this Stipulated Interim Protective Order, no person shall be deemed to

14 have conceded that any material has been properly designated as confidential.

15     9. Nothing in this order shall preclude the United States or defendants LEE and GE from

16 applying to the Court for further relief or modification. The parties agreement to enter into this

17 Stipulated Interim Protective Order at his time is for the purpose of pretrial negotiations is not a

18 concession by the defendant that the terms contained herein would be appropriate should the case

19 proceed beyond that stage.

20     10. Willful violation of this Stipulated Interim Protective Order may be punishable by

21 contempt of court, whatever other sanction the Court deems just, or any other sanctions or

22 combination of sanctions which are legally available.

23 DATED: *12/17/07*                    SCOTT N. SCHOOLS
                                        United States Attorney
24

25

26                                      MATTHEW A. PARRELLA
                                        Assistant United States Attorney
27

28 DEFENDANTS LAN LEE and YUEFEI GE
   STIPULATED INTERIM
   PROTECTIVE ORDER
   CR-06-00424-JW

                        5

AGREEMENT TO BE BOUND BY

STIPULATED INTERIM PROTECTIVE ORDER

The undersigned, defendant YUEFEI GE, and his counsel in the above-captioned case, CR-06-00424-JW, hereby acknowledge that they have received a copy of the Stipulated Interim Protective Order in the above-captioned case, have read, understand, and agree to be bound by all of the provisions thereof, and hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

DATED: 12/16/07

_____
EDWARD SWANSON
Attorney for defendant GE

DATED:

_____
YUEFEI GE
Defendant

DATED: 12/19/07

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DEFENDANTS LAN LEE and YUEFEI GE
STIPULATED INTERIM
PROTECTIVE ORDER
CR-06-00424-JW

6

## AGREEMENT TO BE BOUND BY

## STIPULATED INTERIM PROTECTIVE ORDER

The undersigned, defendant YUEFEI GE, and his counsel in the above-captioned case, CR-06-00424-JW, hereby acknowledge that they have received a copy of the Stipulated Interim Protective Order in the above-captioned case, have read, understand, and agree to be bound by all of the provisions thereof, and hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

DATED: _____

_____
EDWARD SWANSON
Attorney for defendant GE

DATED: _____

_____
YUEFEI GE
Defendant

DATED: 12/19/07

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DEFENDANTS LAN LEE and YUEFEI GE
STIPULATED INTERIM
PROTECTIVE ORDER
CR-06-00424-JW

6

**EXHIBIT B**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Protective Orders issued by the United States District Court for the Northern District of California on July 18, 2006 and December 19, 2007 and the Stipulated Protective Order between the parties and third-parties NetLogic Microsystems, Inc. and Taiwan Semiconductor Manufacturing Company, Ltd. issued by the United States District Court for the Northern District of California on _____ (collectively, "the Protective Orders"), has read, understands, and agrees to the terms thereof, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Protective Orders and punishment for any violations thereof.

The undersigned further appoints Edward Swanson of Swanson, McNamara, & Haller LLP, 300 Montgomery Street, Suite 1100, San Francisco, CA, 94104 as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Protective Orders.


Date: _____


City and state where sworn and signed: _____


Printed name: _____


Signature: _____

Gibson, Dunn &
Crutcher LLP

441004.01

7

**EXHIBIT C**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Protective Orders issued by the United States District Court for the Northern District of California on July 18, 2006 and December 19, 2007 and the Stipulated Protective Order between the parties and third-parties NetLogic Microsystems, Inc. and Taiwan Semiconductor Manufacturing Company, Ltd. issued by the United States District Court for the Northern District of California on _____ (collectively, "the Protective Orders"), has read, understands, and agrees to the terms thereof, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Protective Orders and punishment for any violations thereof.

The undersigned further appoints the United States Attorney for the Northern District of California as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Protective Orders.

Date: _____

City and state where sworn and signed: _____

Printed name: _____

Signature: _____

Gibson, Dunn &
Crutcher LLP

441004.01

8