*E-Filed 5/13/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAN LEE AND YUEFEI GE,<br><br>Defendants.<br>_____/ | No. 5:06 CR 0424 JW<br><br>**ORDER GRANTING**<br>**MOTION TO QUASH** |

Defendants Lan Lee ("Lee") and Yuefei Ge ("Ge") are charged with conspiracy, economic espionage, and theft of trade secrets from their former employer, NetLogic Microsystems, Inc. ("NetLogic"). *See* Superseding Indictment of Lan Lee and Yuefei Ge, filed September 26, 2007. On April 20, 2009, defendants served NetLogic with a Rule 17(c) subpoena *duces tecum* requesting NetLogic "[t]o deliver to the court or defense the collection of documents referred to by Mr. Cortes on pages 28-31 of the transcript of proceedings before Judge Ware on May 16, 2008, pertaining to his contacts with the FBI, the defendants, and NLM attorneys regarding the alleged theft of trade secrets." Attachment A, Subpoena to Produce Documents or Objects in a Criminal Case, *attached as Exh. 1 to* Declaration of Denis R. Salmon, filed April 30, 2009 (the "April 20 Subpoena"). NetLogic moves to quash this subpoena[1] on the grounds that it seeks material which is either

---

[1] This Court has previously set forth the standard by which it reviews motions to quash. Order Granting in Part and Denying in Part Motions to Quash, filed March 18, 2009, at 2-3.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH
CASE NO. 5:06 CR 0424 JW

1

inadmissible or which has already been requested and produced.

Defendants previously served NetLogic with two similar subpoena requests, which the Court quashed. *See* Order Granting in Part and Denying in Part Motion to Quash Subpoena, filed March 18, 2009, at 7-8 (hereinafter the "March 18 Order") (quashing, among others, Requests 39 and 40). Those two requests sought records of communications both between NetLogic and law enforcement (Request 39) and between NetLogic and its attorneys (Request 40). *See* Requests 39 and 40, *attached as Exh. 2 to* Salmon Declaration, *supra*. The Court originally rejected the requests based on their failure to meet the admissibility test set forth in *United States v. Nixon*. 418 U.S. 683, 700 (1974); March 18 Order, *supra*, at 7-8. Defendants now contend that the April 20 Subpoena is their attempt to "respond[] to the Court's March 18 order by crafting a new subpoena seeking a specific set of documents identified under oath by Roland Cortes." Opposition to Motion to Quash, filed May 6, 2009, at 3.

The April 20 Subpoena fails to improve on the inadequacies previously noted as to Requests 39 and 40. At the May 16, 2008, hearing referenced in the April 20 Subpoena, defense counsel quizzed NetLogic's in-house attorney Roland Cortes about the contents of his files, and Mr. Cortes stated he was in possession of "materials that I have kept regarding interactions with the FBI" and records of "communications with our attorneys." Transcript of Proceedings Before Judge James Ware, *attached as Exh. 3 to* Salmon Declaration, *supra*, at 28-29. Thus, the range of materials sought in the April 20 Subpoena ultimately differs very little from what Requests 39 and 40 sought—namely, NetLogic's communications with law enforcement and internal attorney-client communications. Although the April 20 Subpoena is marginally more specific than Requests 39 and 40, and the requested material is likely relevant, Requests 39 and 40 were not quashed for lack of specificity or lack of relevance. They were quashed for lack of admissibility. *See* March 18 Order, *supra*, at 7 (describing the impropriety of subpoenaing a broad range of documents in the hope of gleaning small pieces of information that are admissible either as prior inconsistent statements or as non-hearsay party admissions).

As the Court has previously found that the documents requested in the April 20 Subpoena are

not properly sought through a Rule 17(c) subpoena, NetLogic's motion to quash is granted.

IT IS SO ORDERED.

Dated: 5/13/09

_____
RICHARD SEEBORG
United States Magistrate Judge