IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br>  v.<br><br>Lan Lee and Yuefei Ge,<br><br>        Defendants.<br>                                                 / | NO. CR 06-0424 JW<br><br>**ORDER DENYING DEFENDANTS'<br>MOTION FOR A BILL OF PARTICULARS** |

### **I. INTRODUCTION**

In this action, Defendants move for a Bill of Particulars. (Defendants' Notice of Motion and Motion for Bill of Particulars, hereafter, "Motion," Docket Item No. 126.) Defendants request the following particulars: "Identify the benefit the defendants allegedly tried to confer on a foreign government, foreign instrumentality, or foreign entity." (Motion at 5-9.) Defendants contend that they cannot prepare for trial without information of an alleged benefit conferred on the People's Republic of China ("PRC"). (Motion at 4.) Defendants further contend that by not disclosing specific benefits, the government will be able to "shift course mid-trial" when the Defendants rebut the governments' argument. (Id.) Additionally, Defendants contend that if the government were to lose at trial, it could re-charge Defendants with a violation of the same statute by alleging a different benefit. (Id.)

The government filed a timely opposition to the motion. (United States' Opposition to Defendants' Motion for a Bill of Particulars, hereafter, "Opposition," Docket Item No. 128.) The government opposes being required to provide further particulars on the ground that the Superseding

1 Indictment contains allegations sufficient to inform Defendants of the "benefit" they are alleged to
2 have conferred or intended to confer.
3     The Court conducted a hearing on March 30, 2009. Based on the papers submitted to date
4 and oral argument, the Court DENIES Defendants' Motion.

## II. STANDARDS

Federal Rule of Criminal Procedure 7(f) provides in relevant part: "[t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). The Ninth Circuit has held that there are three purposes of a bill of particulars: (1) to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes. United States v. Ayers, 924 F.2d 1468, 1483 (9th Cir. 1991); United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983). The Ninth Circuit has held that a bill of particulars is not meant to provide the defendant with all of the evidence that the government will introduce at trial. Ayers, 924 F.2d at 1483. Instead, the goal of a bill of particulars is satisfied if the defendant is aware of "the theory of the government's case." United States v. Ryland, 806 F.2d 941, 942 (9th Cir. 1986).

## III. ALLEGATIONS OF THE INDICTMENT

In the Superseding Indictment, Defendants are, among other charges, accused of Economic Espionage. (Superseding Indictment, hereafter, "Indictment," Docket Item No. 36.) Summarizing the allegations of paragraphs 1 - 8 of the Superseding Indictment will assist the Court's analysis. The Superseding Indictment alleges that around May 6, 2002, Defendant Lee created a corporation named SICO Microsystems. (Indictment ¶¶ 1(d), 8(a).) Defendants Lee and Ge established and promoted SICO to produce and sell microprocessors in the People's Republic of China and elsewhere. (Indictment ¶ 4.) At an unspecified date but before April 4, 2003, SICO entered into a "cooperation agreement" with a "venture capital company" named Beijing FBNI, which was

operated in the People's Republic of China. (Indictment ¶¶ 1 (c) (e), 8 (d).) Under the terms of the agreement, FBNI agreed to provide venture capital to SICO. (Indictment ¶ 8(d).) FBNI and SICO agreed that FBNI would assist in securing funding for SICO from the "863 program" and "GAD," both of which were instrumentalities of the People's Republic of China. (Indictment ¶ 1(e).) On or about July 29, 2003, Defendant Lee downloaded to his home computer a "proprietary and confidential" software program belonging to a company known as TSMC. (Indictment ¶ 8(b).) At about the same time, Defendant Ge installed "confidential" data sheets belonging to NetLogic on his home computer. (Indictment ¶ 8(c).) The Defendants agreed to use stolen trade secrets from TSMC and NetLogic to advance the business interests of SICO. (Indictment ¶ 7.)

Court Two alleges f violation of Title 18 U.S.C. § 1831(a)(3), (a)(4), and 2, entitled "Economic Espionage." Court Two incorporates by reference paragraphs 1 - 8 and alleges that on or about July 29, 2003, Defendants "intending and knowing" that the offense would benefit a foreign government, instrumentality and agent, Defendants knowingly possessed trade secrets belonging the NetLogic, knowing that the trade secrets had been stolen, appropriated and obtained without authorization. (Indictment ¶ 10.) Count Three repeats in substance the same allegations with respect alleged trade secrets of TMSC. (Indictment ¶ 11.)

## IV. DISCUSSION

At issue whether the Court should exercise its discretion to order the government to provide further specificity with respect to what "benefit" Defendants are charged with intending to confer, or knowing would be conferred.

The Court finds that the Superceding Indictment adequately informs the Defendants that they are alleged to have formed SICO to develop a technology. They are alleged to have entered into a business relationship with a foreign corporation to provide financing for SICO from the People's Republic of China and that they stole trade secrets intending and knowing that the theft would benefit the PRC government, instrumentality or agent. While, the Superseding Indictment does not specify what "benefit" the PRC and its agencies might obtain, the pleading clearly alleges an intent to enter into a venture capital relationship with a foreign government and to develop a product to the

1 benefit of the foreign government with stolen trade secrets.  Inherent in any venture capital
2 relationship is a benefit to the investor and the recipient of the investment.

3 Given the specificity of the Superseding Indictment with respect to the business relationship
4 that is alleged between the Defendants and a foreign government, the Court declines to order the
5 government to provide a Bill of Particulars.   Accordingly, the Court DENIES Defendants' Motion
6 for a Bill of Particulars.

7 In considering this matter, the attention of the Court was drawn to the language of 18 U.S.C.
8 1831 that declares unlawful conduct accompanied by two alternative mental states: "intending" and
9 "knowing."  Under its "intending" language,  a defendant is declared guilty of violating § 1831, if
10 the defendant knowingly commits an enumerated offences [e.g., steals, copies, receives . . . a trade
11 secret] "**intending**" that the offense will benefit a foreign government, instrumentality or agent.
12 Under its "knowing" language,  a defendant is declared guilty of violating § 1831, if the defendant
13 knowingly commits an enumerated offences [e.g., steals, copies, receives . . . a trade secret]
14 "**knowing**" that the offense will benefit a foreign government, instrumentality or agent.  These two
15 states of mental culpability although perhaps related, are distinct from each other.

16 In general, if a statute makes criminal an act that is done "intending" that a particular result
17 will follow from it, the government must prove the purpose with which the defendant acted.  See
18 generally United States v. Bailey, 444 U.S. 394, 403-404 (1980).  Thus, the defendant is guilty if the
19 defendant deliberately does an act while consciously "intending: or desiring a particular result
20 whatever the likelihood of that result happening.  On the other hand, if a statute makes criminal an
21 act that is done "knowingly," the government must prove the knowledge possessed by the defendant
22 at the time of the act.  In this latter case, the defendant is guilty if the defendant deliberately does an
23 act with knowledge that a result is practically certain to follow from the defendant's conduct,
24 whatever his desire may be as to that result.

25 Here, the government charges that the Defendants committed the offense both intending to
26 benefit a foreign government and knowing that their offense would do so.  The government may

27
28

charge both. However, to ensure a unanimous verdict, the jury will be instructed that all jurors must agree as to one or both. The verdict form must also be reflective of this issue.

### V. CONCLUSION

The Court DENIES Defendants' Motion for Bill of Particulars.

Dated: May 15, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

tnolan@nablaw.com
eswanson@swansonmcnamara.com
matthew.parrella@usdoj.gov

**Dated:  May 15, 2009**                                     **Richard W. Wieking, Clerk**

                                                             **By:   /s/ JW Chambers
                                                                    Elizabeth Garcia
                                                                    Courtroom Deputy**