*E-Filed 10/5/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>   v.<br><br>LAN LEE & YUEFEI GE,<br><br>            Defendants.<br>_____/ | No. CR 06-00424 JW (RS)<br><br>**ORDER DENYING DEFENDANTS'**<br>**APPLICATION FOR SUBPOENAS** |

      This matter is before the Court on five *ex parte* subpoena applications submitted by defendants Lan Lee and Yuefei Ge. The applications, which are identical except for their varying descriptions of the subpoenaed persons, pertain to five of the government's expert witnesses. Defendants seek to require each expert to produce "copies of all documents you intend to rely upon as an expert witness in the above entitled case to form the bases of your opinions intended to be offered at trial."

      Defendants state that they are resorting to the instant subpoena requests because they are dissatisfied with the government's response to their Rule 16 discovery requests. Specifically, they claim that the government has failed to identify which of approximately 25,000 documents produced in discovery form the basis of the five experts' opinions. Defendants, therefore, seek to

serve subpoenas *duces tecum* on the experts themselves, in order to compel them to designate which specific documents they relied upon in forming their opinions.

In support of this request, defendants cite Federal Rule of Criminal Procedure 17(b) and (c) and Criminal Local Rule 17-2.  Defendants' reliance upon these rules, however, is misplaced.  To the extent defendants feel that the government's response to their Rule 16 request is inadequate, they were and are free to move to compel government disclosure under Rule 16.  It is inappropriate to use a Rule 17 subpoena as a shortcut.  *See United States v. Burke*, CR. No. S-05-0365 FCD, 2009 WL 2985491, at *2 (September 16, 2009) (observing that "Rule 17(c) is not intended 'to provide an additional means of discovery beyond that provided in Rule 16" and that the "chief innovation [of Rule 17] was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials" (internal citations omitted)).

For this reason, defendants' five subpoena requests are hereby DENIED.

IT IS SO ORDERED.

Dated: 10/5/09

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE