*E-Filed 10/5/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-00424 JW (RS) |
| Plaintiff,<br>v.<br>LAN LEE & YUEFEI GE,<br>Defendants. _____/ | **ORDER GRANTING DEFENDANTS' MOTION TO COMPEL NON-PARTY NETLOGIC MICROSYSTEMS, INC. TO PRODUCE A PRIVILEGE LOG** |

This matter is before the Court on the motion of defendants Lan Lee and Yuefei Ge to compel NetLogic Microsystems, Inc. ("NetLogic"), a non-party to this criminal prosecution, to produce a privilege log. The requested log pertains to a file or series of files kept by NetLogic's in-house counsel, Roland Cortes, respecting defendants Lee and Ge, who are former NetLogic employees.

The presiding judge has directed NetLogic to provide defendants with the contents of the Cortes files insofar as they are not privileged, and NetLogic has done so. The instant dispute concerns the remaining, undisclosed sections of the Cortes files, which NetLogic claims are privileged. The undisclosed portions of the files, according to NetLogic, contain Cortes's communications with NetLogic's outside counsel and with a NetLogic employee, as well as

Cortes's own notes on NetLogic's internal investigation into defendants' activities. Declaration of Roland Cortes, *attached as* Exh. A to NetLogic's Opposition; Supplemental Declaration of Roland Cortes, *attached as* Exh. B to NetLogic's Opposition. The gist of the instant dispute is that defendants contend they are entitled to more information regarding the subject matter of the remaining Cortes files, in the form of a formal privilege log; whereas NetLogic takes the position that it has already provided sufficient details to establish that all remaining documents in the files are protected by the attorney-client privilege or the work product doctrine.

Generally, the party asserting privilege has the burden of proving that the privilege applies to a given set of documents or communications. *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992). Parties generally meet this burden by producing a privilege log detailing "(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *Id.* at 1071.

In this case, the only support for the claim of privilege submitted by NetLogic is the two Cortes declarations cited above. These declarations list the categories into which NetLogic asserts the documents fall, but they do not contain the level of detail that exists in a standard privilege log. For this reason, defendants' motion to compel NetLogic to produce such a log is well-founded.

Accordingly, defendants' motion to compel is hereby GRANTED. If NetLogic wishes to continue to assert a privilege or other protection from disclosure as to the remaining documents in the Cortes files, it shall produce a privilege log containing the elements listed above within five days of the entry of this Order.

Pursuant to Civil Local Rule 7-1(b), this matter is deemed suitable for disposition without oral argument. Accordingly, the hearing set for October 8, 2009, is vacated.

IT IS SO ORDERED.

Dated: 10/5/09

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE

No. CR 06-00424 JW (RS)
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL

2