*E-Filed 10/19/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-00424 JW (RS) |
| Plaintiff, | **ORDER DENYING DEFENDANTS' REQUEST FOR REVIEW OF ALLEGEDLY PRIVILEGED DOCUMENTS** |
| v. | |
| LAN LEE & YUEFEI GE, | |
| Defendants. | |

This matter is before the Court on defendants' request for *in camera* review of documents listed on a privilege log submitted by non-party NetLogic Microsystems, Inc. in response to the Court's order of October 5, 2009. In support of their request, defendants argue that their Sixth Amendment right to see the documents listed in NetLogic's privilege log outweighs any privilege that may have attached to these documents, and that the Court should view the documents and conduct a "balancing test" to determine whether defendants are entitled to see them.

Although the Supreme Court has noted that *in camera* review "is a smaller intrusion upon the confidentiality of the attorney-client relationship than is public disclosure," and that "the evidentiary showing necessary to trigger *in camera* review need not be a stringent one," *United States v. Zolin*, 491 U.S. 554, 572 (1989), it does not follow that criminal defendants have a right to

*in camera* review of disputed evidence every time they speculate that privileged documents have the potential to benefit their cross-examination. Rather, the Ninth Circuit has stated that, in order to trigger *in camera* review, defendants must make a preliminary showing that they "might discover something exculpatory or impeaching . . . [and] that the notes were used or adopted by the witness." *United States v. Henke*, 222 F.3d 633, 642-43 (9th Cir. 2000). Defendants in this case have made no such showing and have confined themselves to stating that they need the documents in order to conduct cross-examination. As they have not met the standard described in *Henke*, their request for *in camera* review of the disputed documents is DENIED.

Defendants also contend they are entitled to immediate production of the last item listed on NetLogic's privilege log, which is described as "handwritten notes by Roland Cortes." Their reasoning is that the presiding judge in this case ordered NetLogic to produce all non-privileged documents, and that the Cortes notes fall under the attorney work product doctrine and not the attorney-client privilege. *See* Order of May 29, 2009, at 2 (holding that defendants "are not entitled to documents over which NetLogic maintains a claim of privilege"). Defendants' argument reflects an overly narrow reading of the presiding judge's May 29, 2009, Order; "privilege" does not refer simply to the attorney-client privilege but encompasses all types of evidentiary privileges and immunities, including the attorney work product doctrine. Accordingly, defendants' request for immediate production of the Cortes notes is also DENIED.

IT IS SO ORDERED.

Dated: 10/19/09

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE